UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM J. McKINNEY,<br>    Plaintiff, | : | PRISONER CASE NO.<br>3:17-cv-1663 (JCH) |
| v. | : | |
| NEW HAVEN POLICE<br>DEPARTMENT, et al.,<br>    Defendants. | : | NOVEMBER 14, 2017 |

**RULING ON MOTION FOR PRELIMINARY INJUNCTION (Doc. No.8)**

Plaintiff, William J. McKinney ("McKinney"), currently confined at Bridgeport Correctional Center in Bridgeport, Connecticut, has filed an Emergency Motion for Preliminary Injunction. McKinney alleges that he is being subjected to harsh conditions of confinement as a result of disciplinary charges issued for conduct resulting from his mental illness. He describes being held in solitary confinement for 23 or 24 hours per day, numerous false disciplinary charges, and an assault by correctional staff. Most of the disciplinary charges were issued after incidents of self-harm.

Preliminary injunctive relief is available only to redress injuries that are related to the conduct giving rise to the complaint. See DeBeers Consol. Mines Ltd. v. United States, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which relief may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside the issues in the suit"); Trowell v. Upstate Correctional Facility, 2016 WL 7156559, at *7

(N.D.N.Y. Dec. 7, 2016) ("To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." (citation and internal quotation marks omitted)).

The claims in this case relate to McKinney's arrest. In the only remaining claim, McKinney alleges that defendants Moore and emergency response persons Jane Doe and John Doe 1 were deliberately indifferent to his serious medical needs. See Ruling (Doc. No. 9) at 6–10, 16. The relief requested in the Motion concerns McKinney's treatment in the correctional facility. Thus, it is unrelated to the claims in this action. As the actions underlying the claims—the failure to provide medical attention after McKinney was assaulted on the New Haven Green—did not give rise to the alleged injuries in the motion, preliminary injunctive relief is not warranted.

McKinney's Emergency Motion for Preliminary Injunction (Doc. No. 8) is **DENIED**. If McKinney wishes to challenge his current conditions of confinement he should do so in a separate action.

**SO ORDERED.**

Dated this 14th day of November 2017 at New Haven, Connecticut.

                                        /s/ Janet C. Hall
                                        Janet C. Hall
                                        United States District Judge