# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM J. McKINNEY,<br>    Plaintiff, | :<br>:<br>: | PRISONER CASE NO.<br>3:17-cv-1663 (JCH) |
| v. | :<br>: | |
| NEW HAVEN POLICE DEP'T, et al.,<br>    Defendants. | :<br>:<br>:<br>: | DECEMBER 10, 2018 |

## RULING ON PENDING MOTIONS

The plaintiff, William J. McKinney ("McKinney"), currently is incarcerated at Bridgeport Correctional Center in Bridgeport, Connecticut, has filed several miscellaneous motions in this case.

### I. MOTIONS FOR ENTRY OF DEFAULT

McKinney has filed two Motions for Entry of Default (Doc. Nos. 57 & 59). The first Motion (Doc. No. 57) seeks entry of default against all defendants, the second Motion (Doc. No. 59) against defendant Matthew Rau. At the time McKinney filed these Motions, there were three defendants remaining in this case, Officer John Moore, EMT Devon Bicumore and EMT Matthew Rau. Defendant Moore appeared and filed an Answer in April 2018 (Docs. No. 32, 35), prior to either Motion being filed. On November 6, 2018, the court dismissed the claims against defendants Bicumore and Rau. Because the only remaining defendant is not in default, the Motions for Default Entry (Doc Nos. 57 & 59) are denied.

## II. MOTION FOR APPOINTMENT OF COUNSEL

McKinney also seeks appointment of pro bono counsel, pursuant to 28 U.S.C. § 1915. The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. See, e.g., Ferrelli v. River Manor Health Care Center, 323 F.3d 196, 204 (2d Cir. 2003); Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997). The Second Circuit also has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. Saviano v. Local 32B-32J, 75 F. App'x 58, 59 (2d Cir. 2003) (quoting Cooper v. A. Sargenti Co., 877 F.2d 170, 173 (2d Cir. 1989)). McKinney describes his unsuccessful efforts to obtain representation in the motion. In light of these efforts, the court will assume that McKinney cannot obtain legal assistance on his own.

In addition, before appointing counsel, the District Court must determine that McKinney's claims possess likely merit. See Cooper v. A. Sargenti Co., 877 F.2d 170, 173-74 (2d Cir. 1989) (cautioning district courts against "routine appointment of counsel" and reiterating importance of requiring indigent litigant to "pass the test of likely merit"). A nonfrivolous claim may not possess likely merit if the litigant's "chances of success are extremely slim." Id. at 171.

The current record consists of the Complaint and defendant Moore's Answer. In addition, McKinney has filed a Motion to Amend his Complaint to add more defendants (Doc. No. 72). At this time, the court cannot assess the likely merit of McKinney's claims. Accordingly, appointment of counsel is not warranted at this time. McKinney's Motion to

Appoint Counsel (Doc. No. 58) is denied without prejudice to refiling at a later stage of litigation.

**III.     MOTION TO COMPEL**

On October 4, 2018, the court received a letter from McKinney addressed to the chambers of the Honorable Sarah A.L. Merriam, United States Magistrate Judge. The letter has been docketed as a Motion to Compel and a Motion to Amend (Doc. No. 60).

McKinney states that Judge Merriam had instructed counsel for defendant Moore to permit McKinney to view video recordings of the incident scene and of McKinney's interview by police officers, but he has not been permitted to do so. McKinney seeks court assistance in viewing the recordings. In his recent motion to amend, McKinney describes information he obtained from viewing the recordings. As he has now seen the recordings, this Motion/request is denied as moot.

McKinney seeks preservation and inspection of the "rock in a sock weapon." Before filing a motion to compel, a party must confer, or attempt to confer, with the opposing party to resolve the issue without court action. Fed. R. Civ. P. 37(a)(1). Because it is not clear whether McKinney has sought to inspection the item through the discovery process, let alone attempted to resolve any issue with defendant's counsel, his request is denied as premature.

Finally, McKinney seeks permission to file ten additional interrogatories. This request is granted.

**IV.     MOTION FOR CLARIFICATION**

On November 9, 2018, after receiving the Notice of Electronic Filing of a Ruling (Doc. No. 66) stating that the claims against defendants Bicumore and Rau were dismissed, McKinney filed a Motion for Clarification of that Ruling.  On November 26, 2018, McKinney filed a Notice [Doc. No. 71] stating that he had received a copy of the Ruling and now understood the decision.  Accordingly, the Motion for Clarification (Doc. No. 67) is denied as moot.

**V.     MOTION FOR EXTENSION OF TIME**

McKinney seeks a thirty-day extension of the discovery deadline in this case. Local court rules require that all motions for extension of time include a statement either that the moving party has inquired of the opposing party and indicate whether the opposing party agrees or objects to the motion, or that the moving party, despite diligent efforts, cannot ascertain the position of the opposing party regarding the motion.  D. Conn. L. Civ. R. 7(b)(2).  McKinney has not complied with this requirement.  However, as the court has granted him leave to serve ten additional interrogatories, the court will grant his Motion for Extension of Time (Doc. No. 68) to afford McKinney the time to do so.

**VI.     MOTIONS TO AMEND**

McKinney has filed two Motions to Amend his Complaint (Doc. Nos. 60, 72).  In the first Motion (Doc. No. 60), McKinney states that he wants to verify and scale down his Complaint and add the defendants who interviewed him and denied his requests to be taken to the hospital.  A few weeks after filing the first Motion, McKinney filed a

Proposed Amended Complaint (Doc. No. 63) including allegations against Detectives Matthew Collier and Brian Diange. In the second Motion (Doc. No. 72), McKinney states that he has discovered that Officer William Gargone was on the scene of the incident when defendant Moore directed the EMTs not to provide medical attention and that Detectives Matthew Collier and Brian Diange denied his requests for medical attention during his interview. McKinney seeks leave to amend to add claims against these officers.

Federal Rule of Civil Procedure 15(a)(2) provided that leave to amend should be freely granted when justice so requires. See Turner v. Boyle, 116 F. Supp. 3d 58, 96 (D. Conn. 2015) (Second Circuit encourages district courts to allow pro se litigants to amend pleadings when justice so requires). Here, McKinney has learned the identity of other police officers involved in the incident underlying the complaint and seeks to add them as defendants. McKinney's Motions to Amend are granted. The Proposed Amended Complaint does not reference Officer Gargone. Accordingly, McKinney is directed to file an amended complaint including the claims against Officer Moore as well as his claims against the three new defendants. Once the amended complaint is filed, the court will review the amended complaint to determine whether service should be effected on the new defendants.

## VII. MOTION FOR DISCOVERY HEARING

Finally, McKinney has filed a Motion for Discovery Hearing (Doc. No. 73). He cites three reasons for his request.

First, McKinney states that the court has not yet ruled on his request to serve additional interrogatories on defendant Moore and noted that defendant Moore refused to answer interrogatories exceeding the permitted number absent a court order. The court has granted McKinney's request above, negating this reason for a hearing.

Second, McKinney states that video footage of the New Haven Green is incomplete. One angle is missing fifteen minutes, during which time the incident occurred. As explained above, McKinney must attempt to resolve this issue with defendant's counsel before seeking court assistance. He does not indicate that he has addressed this issue with defendant's counsel or explain why this matter cannot be resolved without a hearing.

Third, McKinney states that he has learned the identities of other persons involved in his claims. He does not explain, however, why this fact necessitates a hearing on discovery. The court has granted McKinney leave to amend his complaint to add three defendants. Until the court has reviewed the sufficiency of an amended complaint, any discovery issues relating to the new defendants are premature. Accordingly, the Motion is denied.

## VIII. CONCLUSION

McKinney's Motions for Entry of Default (**Docs. No. 57, 59**) are **DENIED, h**is Motion for Appointment of Counsel (**Doc. No. 58)** is **DENIED** without prejudice, his Motion for Clarification (**Doc. No. 67)** is **DENIED** as moot, and his Motion for Discovery Hearing (**Doc. No. 73)** is **DENIED** as premature. His Motion for Extension of Time (**Doc. No. 68)** is **GRANTED**.

McKinney's Motion to Compel (**Doc. No. 60)** is **DENIED** as moot as to the request to view video recordings, **DENIED** as premature as to the request for inspection and preservation of the "rock in a sock weapon," and **GRANTED** as to the request to serve ten additional interrogatories.

McKinney's Motions to Amend **(Doc. Nos. 60, 72)** are **GRANTED**. McKinney shall file an amended complaint which lists defendant Moore and the new defendants in the case caption and includes the allegations and claims against all four defendants. The amended complaint shall be filed within **21 days** from the date of this Order.

**SO ORDERED.**

Dated this 10th day of December 2018 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge